UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MAURICE ELIJAH McKAY,

    Petitioner,

    v.

STATE OF MARYLAND and
PRINCE GEORGE'S COUNTY,

    Respondents.

Civil Action No. TDC-18-1956

**MEMORANDUM OPINION**

Maurice Elijah McKay, a prisoner currently confined at the Federal Correctional Institution in Cumberland, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  In the Petition, McKay challenges his 2007 conviction in the Circuit Court for Prince George's County, Maryland on two counts of robbery and one count of conspiracy to commit robbery with a dangerous weapon.  The Petition is fully briefed, and the Court finds that no hearing is necessary.  *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6; *Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000).  For the reasons set forth below, the Court will dismiss the Petition.

**BACKGROUND**

On March 5, 2007, following a three-day jury trial in the Circuit Court for Prince George's County ("the Circuit Court"), McKay was convicted on two counts of robbery, Md. Code Ann., Crim. Law § 3-402 (LexisNexis 2012), and two counts of conspiracy to commit robbery with a dangerous weapon, Md. Code Ann., Crim. Law § 3-403, stemming from two separate robberies of two different victims that occurred in Oxon Hill, Maryland on March 22, 2006.  McKay was

acquitted of other charges, including attempted murder, two counts of robbery with a dangerous weapon, two counts of first-degree assault, and several firearms charges. Although the indictment did not include the charges for simple robbery, the trial judge instructed the jury on that offense as a lesser included offense to the charged crimes of robbery with a dangerous weapon.

In the first robbery, the victim, Frank Irving, was confronted by three armed assailants and was shot and wounded. In the second robbery, which occurred shortly after the first, the victim, Jefferson Tomlinson, was not physically harmed. Following the Tomlinson robbery, police officers responded to the scene and, after identifying three individuals matching the description broadcast over police channels, apprehended McKay as he fled the scene. The police recovered a black glove, a ski mask, and a .38 caliber revolver from bushes in which McKay had hidden during the pursuit. At trial, Anthony McRae, who engaged in both robberies, identified the firearm as one used in the robberies and testified that McKay participated in both robberies along with a third robber. On April 6, 2007, McKay was sentenced on both robbery counts to 15 years of imprisonment, all suspended except for 10 years, and on both conspiracy counts to 20 years of imprisonment, all suspended except for 15 years, with all sentences to run concurrently. The sentence included a five-year term of probation to follow his terms of imprisonment.

In his direct appeal, McKay alleged that the evidence produced at trial was insufficient to support his convictions; that the trial court improperly denied a missing witness instruction relating to Tomlinson, who did not testify; that the trial court took into account impermissible considerations during sentencing; and that the conspiracy counts merged because there was only one conspiracy that covered both robberies. On October 23, 2008, the Court of Special Appeals of Maryland affirmed McKay's robbery convictions but vacated one of his conspiracy convictions because the evidence at trial only supported the existence of one agreement to commit robbery.

The mandate issued on November 24, 2008.  McKay filed a petition for a writ of certiorari to the Court of Appeals of Maryland, which was denied on February 13, 2009.

On July 15, 2009, McKay filed a self-represented petition for post-conviction relief in the Circuit Court asserting ten claims of error based on ineffective assistance of counsel.  One of these claims was that his trial counsel was ineffective for failing to object to the jury instruction and two convictions on the offense of robbery when those counts were not charged in the indictment.  On September 13, 2009, an attorney for McKay filed a Supplemental Petition for Post-Conviction Relief adding claims asserting ineffective assistance of counsel in connection with the admission of hearsay evidence.  At the post-conviction hearing, however, McKay waived all of the claims except the hearsay claim and the related claim in the original petition alleging ineffective assistance for failing to object to a violation of the Confrontation Clause based on a police officer's testimony about the statement provided to him by Tomlinson.  On February 14, 2011, the Circuit Court denied post-conviction relief.  On March 22, 2011, McKay filed an untimely application for leave to appeal the denial of post-conviction relief, raising only the hearsay and Confrontation Clause claims.  *See* Md. Rule 8-204(b) (providing that an application for leave to appeal must be filed within 30 days of the entry of the judgment or order from which the appeal is sought).  The application was denied on December 19, 2012.

On January 22, 2013, McKay filed a motion to correct an illegal sentence in the Circuit Court in which he reasserted the Confrontation Clause claim and also asserted that the conspiracy conviction should be vacated because his accomplices were all acquitted of conspiracy at their trials, and because the charge was barred by the statute of limitations.  The motion remained pending at the time that the present Petition was filed on June 27, 2018.

On April 23, 2014, McKay filed a state petition for a writ of habeas corpus in the Circuit Court asserting, among other arguments, that he was being illegally imprisoned because the robbery counts of conviction were not included in the indictment. The state habeas petition was denied on September 25, 2014 in part on the grounds that robbery is a lesser included offense of the crime of robbery with a dangerous weapon, which was charged in the indictment. On November 25, 2014, McKay filed an application for leave to appeal the denial of the state petition, which was dismissed on July 23, 2015 because appellate review of such a denial is not permitted under Maryland law. *See* Md. Code Ann., Crim. Proc. § 7-107(b)(1) (LexisNexis 2018).

Sometime before January 31, 2017, McKay was released from custody and began serving his five-year term of probation. On June 12, 2018, the Circuit Court issued a bench warrant for a violation of probation, which remains open and was lodged as a detainer against McKay, who is now in federal custody for a conviction in the Superior Court of the District of Columbia. As a person on probation on the equivalent of a state conviction, McKay remains "in custody pursuant to the judgment of a State court" for purposes of seeking habeas relief. 28 U.S.C. § 2254(a) (2018); *see Minnesota v. Murphy*, 465 U.S. 420, 430 (1984) (stating that a state probationer "would be regarded as 'in custody' for purposes of federal habeas corpus") (citing *Jones v. Cunningham*, 371 U.S. 236, 241-43 (1963)).

In his Petition to this Court, McKay asserts two grounds for relief. First, he argues that because he was not found guilty of robbery with a dangerous weapon, his conviction for conspiracy to commit robbery with a dangerous weapon is necessarily improper because the conspiracy count was attached to the substantive count ("the conspiracy claim"). Second, he argues that his convictions for the lesser included offense of robbery were improper because those charges were not included in the indictment, as required by the Fifth Amendment ("the robbery claim").

**DISCUSSION**

**I.  Pending Motions**

On July 14, 2020, McKay filed a "Motion to Request Permission to Enter Relat[ed] Case" in which he provides a list of Supreme Court cases which he believes support his claim for federal habeas relief. ECF No. 16. Although it is unclear how these cases are related to the arguments in the Petition, where the motion is unopposed, it will be granted.

On August 7, 2020, McKay filed a Motion to Request Stay of State Court Proceedings in which he asks this Court to stay his pending state court proceedings on the alleged violation of probation pursuant to 28 U.S.C. § 2251. ECF No. 17. Because, as set forth below, the Petition will be dismissed, there is no need to stay any state proceedings. The motion will be denied.

**II.  The Petition**

Respondents assert that McKay's Petition should be dismissed because his claims are unexhausted, and his failure to raise them in state court has resulted in a procedural default because they can no longer be asserted in state court. Specifically, Respondents contend that McKay never argued in state court, on direct appeal or in a state post-conviction proceeding, that because he was acquitted of the armed robbery that was the object of the conspiracy count of which he was convicted, the conspiracy count necessarily failed. They similarly assert that because McKay withdrew during the state post-conviction proceedings his second claim of trial court error, that the trial court improperly instructed the jury on the lesser included offense of simple robbery and permitted a conviction on that offense, that claim is also procedurally defaulted. Finally, Respondents argue that even if the Court does not conclude that McKay's claims are procedurally defaulted, they fail on the merits.

### A.      Procedural Default

A claim is procedurally defaulted if a "state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for dismissal." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). A claim may also be subject to procedural default when a petitioner has failed to present it to the highest state court with jurisdiction to hear it, whether by failing to raise the claim on direct appeal or in post-conviction proceedings, or by failing to timely note an appeal. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to timely note an appeal); *Murray v. Carrier*, 477 U.S. 478, 490-91 (1986) (failure to raise a claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46-47 (1972) (failure to raise a claim in a state petition for post-conviction relief); *Bradley v. Davis*, 551 F. Supp. 479, 482 (D. Md. 1982) (failure to seek leave to appeal the denial of post-conviction relief). The procedural default has occurred when the state court "to which the petitioner would be required to present his claims . . . would now find the claims procedurally barred." *Breard*, 134 F.3d at 619 (quoting *Coleman*, 501 U.S. at 735 n.l).

Here, McKay's conspiracy claim, that acquittal on the substantive robbery with a dangerous weapon count necessarily meant that McKay could not legally be found guilty of conspiracy to commit that offense because the conspiracy count "attaches" to the substantive count, Am. Pet. at 5, ECF No. 4, was never asserted in state court. On direct appeal, the Court of Special Appeals addressed but rejected McKay's claim that there was insufficient evidence to support the conspiracy conviction, including the argument that the acquittal on the robbery with a dangerous weapon counts supported such a finding of insufficiency. McKay, however, did not raise the attachment claim asserted in the Petition, which is a legal claim separate from a sufficiency-of-the-evidence claim, in either his direct appeal or his state post-conviction petition.

As for McKay's robbery claim, that the trial court erred when it instructed the jury on simple robbery as a lesser included offense to the charges of robbery with a dangerous weapon and accepted convictions on the lesser included offenses, *id.*, McKay likewise did not advance this argument on direct appeal.  Although McKay claimed in his self-represented state post-conviction petition that his trial counsel was ineffective when he failed to object to the jury instruction on robbery, he withdrew that claim before the Circuit Court issued its ruling.  Even if this oral withdrawal were not considered to be effective, McKay notably did not assert the claim in his application to the Court of Special Appeals for leave to appeal the denial of the state post-conviction petition.  As McKay failed to present this claim to the highest state court with jurisdiction to hear it, he did not properly exhaust it.  Md. Code Ann., Crim Proc. § 7-109(b) (permitting the Court of Special Appeals to grant an application for leave to appeal and to then consider the merits of a state petition for post-conviction relief).

Although McKay later included the robbery claim in his state habeas petition, and the petition was denied, the claim was not reviewed by a state appellate court due to Maryland's procedural rule prohibiting appellate review of decisions on habeas corpus petitions.  *See* Md. Code Ann., Crim. Proc. § 7-107(b)(1).  Accordingly, the inclusion of the claim in a state habeas petition, rather than in a state petition for post-conviction relief, did not fulfill the requirement to exhaust state remedies by presenting it to the highest court with jurisdiction to hear it.  Under Maryland law, "[s]ince the denial of a writ of habeas corpus by a Maryland trial court is not normally appealable, and since the Maryland Post Conviction Procedure Act does provide for appeal, an action for state habeas is not sufficient to exhaust available state remedies in Maryland." *Jenkins v. Fitzberger*, 440 F.2d 1188, 1189, n.1 (4th Cir. 1971), *see also Layer v. Lyles*, 598 F. Supp. 95, 97-98 (D. Md. 1984) (stating that the use of Maryland's habeas corpus procedure did

not exhaust state remedies). Because McKay did not include the robbery claim in either his direct appeal or state post-conviction petition, he did not properly exhaust this claim. Since Maryland law permits only one state petition for post-conviction relief, he may no longer pursue either the conspiracy claim or the robbery claim in state court. *See* Md. Code Ann., Crim. Proc. § 7-103(a). Accordingly, these claims are procedurally defaulted. *See Breard*, 134 F.3d at 619.

### B.     Cause and Prejudice

If a procedural default has occurred, a federal court may still address the merits of a state prisoner's habeas claim if the petitioner can show both cause for the default and actual prejudice that would result from failing to consider the claim on the merits. *See Murray*, 477 U.S. at 478, 494-95; *Breard*, 134 F.3d at 620. "Cause" consists of "'some objective factor external to the defense [that] impeded counsel's efforts' to raise the claim in state court at the appropriate time." *Breard*, 134 F.3d at 620 (quoting *Murray*, 477 U.S. at 488). To demonstrate prejudice, the petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

In his Reply, McKay offers as "cause" his lack of training in the law; the fact that multiple attorneys were appointed to represent him at the different stages of his case; that he did not knowingly or voluntarily waive any of his claims; and that he was not aware of the alleged errors at the time his appeal was filed. McKay, however, had the benefit of legal advice on direct appeal and during his state post-conviction proceedings, including when he waived the robbery claim in favor of the claims raised in the petition prepared by his attorney. McKay has not provided a basis to conclude that the legal advice was so deficient as to meet the "cause" standard. *See Edwards v.*

*Carpenter*, 529 U.S. 446, 451 (2000) (noting that to constitute "cause," counsel's failure to preserve a claim for review in state court must itself amount to an independent claim of unconstitutional ineffectiveness). Moreover, all the relevant facts supporting both the conspiracy and robbery claims asserted here were available to McKay at the time of the trial. Under these circumstances, McKay has not demonstrated cause for the procedural default.

As for prejudice, McKay cannot show it because these claims would almost certainly fail on the merits. On a habeas petition, the prisoner must show that the incarceration of the prisoner violates the Constitution or laws of the United States. 28 U.S.C. § 2254(a). On the conspiracy claim, federal law provides that a conspiracy can be established and punished whether or not the substantive crime was actually committed. *See Iannelli v. United States*, 420 U.S. 770, 777 (1975); *United States v. Bayer*, 331 U.S. 532, 542 (1947). Maryland law likewise provides that a conspiracy crime is "entirely separate" from the substantive crime that is the object of the conspiracy. *See Savage v. State*, 127 A.3d 576, 579-82 (Md. Ct. Spec. App. 2015) (holding that convictions for conspiracy to commit first-degree murder and for second-degree murder were not legally inconsistent). On the robbery claim, it is well established that under federal law, a trial court may give a jury instruction on a lesser included offense to a charge contained in the indictment and to allow a jury to convict on that lesser included offense. *Beck v. Alabama*, 447 U.S. 625, 633-35 (1980); *Keeble v. United States*, 412 U.S. 205, 208 (1973); *see also* Fed. R. Crim. P. 31(c)(1). Thus, McKay has not established prejudice.

Even in the absence of cause and prejudice, the Court must also consider whether it should reach the merits of a McKay's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U S. 298, 314 (1995). A fundamental miscarriage of justice results when the failure to consider the claim on the merits would maintain the incarceration of someone who is

actually innocent. *See Murray*, 477 U.S. at 495-96. McKay, however, has not introduced new, credible evidence of actual innocence. *See Schlup*, 513 U.S. at 329. "'To be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." *Calderon v. Thompson,* 523 U.S. 538, (1998) (quoting *Schlup*, 513 U.S. at 324). New evidence may consist of "exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citation omitted). McKay has offered no new evidence of this type, nor does the record "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327. Having failed to establish cause or prejudice for the procedurally defaulted claims, or a fundamental miscarriage of justice, McKay's Petition must be dismissed.

### C. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the accompanying Order is a final order adverse to the applicant, a certificate of appealability must be issued before an appeal can proceed. 28 U.S.C. § 2253(c)(1).

A certificate of appealability may issue only if the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). When a petition is denied on procedural grounds, the petitioner may meet

the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id*.

McKay's claims are dismissed on procedural grounds. Upon review of the record, this Court finds that McKay has not made the requisite showing to warrant a certificate of appealability and therefore declines to issue one. McKay may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).

## CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus will be DISMISSED. The Court declines to issue a certificate of appealability. A separate Order shall issue.


Date:  December 4, 2020                   /s/ *Theodore D. Chuang*
                                                                                        THEODORE D. CHUANG
                                                                                        United States District Judge